WEST JERSEY-PARKSIDE TRUST COMPANY, complainant-respondent,

*v.*

HOWARD LEDYARD et al., defendants, and WILLIAM E. LEON, petitioner-appellant.

[Argued February 13th, 1929. Decided May 20th, 1929.]

*Mr. Joseph Beck Tyler,* for the appellant.

*Mr. Albert S. Woodruff,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The appellant, William E. Leon, was the holder of a second mortgage on properties 821 and 823 Market Street, in Cam-

den. The prior mortgage on the property was foreclosed and Leon bid at the sheriff's sale held in pursuance of the decree in the foreclosure suit on February 3d, 1928. The properties were knocked down to him as the highest bidder and the sale confirmed February 16th following. On April 20th he filed a petition in the cause to be relieved of his bid under chapter 144 of the laws of 1906 (*P. L. p. 269*), which provides that—

"Any purchaser of real estate * * * [such as here presented] shall be entitled to be relieved from his bid if before delivery of the deed he shall satisfy the court by whose authority such sale was made of the existence of any substantial defect in or cloud upon the title of the premises sold which would render said title unmarketable, * * * unless a reasonable description of * * * [such defect] be inserted in the notices and advertisements required by law and in the conditions of sale."

The prayer of the petition was denied and from the order made in the court below Leon appeals.

We agree with the result reached by the learned vice-chancellor who heard the cause, but, as we differ with the reason given in the opinion filed in that court for the conclusion reached therein, a short statement of our views becomes necessary.

The ground upon which the appellant sought to be released from his bid was that there was a slight encroachment of the building from ten one-hundredths to fourteen one-hundredths of a foot on Market street, and slight encroachments on the westerly side of the lot and on the rear end. To support this contention a survey was introduced and the affidavit of a surveyor was presented which it was agreed should be used as evidence. A number of witnesses were called in rebuttal of this proof. From their testimony it appeared that the buildings had been in their present location for approximately half a century, that they were in alignment with some of the other buildings in the same block, and that there was in fact no encroachment either upon the highway or upon the adjacent property.

The vice-chancellor in passing on the facts failed to make a finding on this aspect of the case, but contented himself by

stating that he was of the opinion that the purchaser well knew the location of the property and the buildings thereon prior to the sale, and that the refusal to take the property was not because of encroachments.

We are not prepared to take this view of the evidence. All that was disclosed was that Leon had obtained a title policy at the time of the execution of his mortgage; that he was a relative by marriage of one of the occupants of the building with whom he had held business relations and had been many times in and out of the property. Where the alleged encoachment is as slight as is contended for by the appellant in this case it would be too much to say that in a case where a survey was essential to determine the facts a casual observer with only the facts above stated in his possession would be assumed to have such knowledge.

We think, however, as stated above that the decree is right and should be affirmed; that the burden imposed upon the petitioner to establish that there were substantial defects in the title as specified in the act of 1906 was not met.

The language of the statute is that "before delivery of the deed he shall satisfy the court * * * of the existence of any substantial defect in * * * the title." As already stated the only proof to thus "satisfy the court" was the affidavit of an engineer that a survey had been made by Remington & Vosbury and that it was correct and that it showed the encroachments already referred to. Against this is the undisputed fact that the buildings have stood in their present location for half a century, that the lines have been accepted by adjoining owners as being correctly located and that the present building line of Market street has been for all these years accepted by the owner and acquiesced in by the city. There was also expert testimony that the lines were correct. The petitioner's conduct indicates that he entertained a like view, for after receiving the survey and learning of the alleged encroachments he on March 7th exhibited a readiness to take the title but indicated that he was unable to do so because of delay in obtaining a deed from the sheriff, and suggested further delay until March 16th because counsel would be absent. It was not until April 10th following that

the alleged defects in title were even referred to, at which time they were made the basis of a repudiation of the purchase and of a demand for return of the sale deposit. On such proof we think the petitioner failed to meet the requirements of the statute and that his petition was properly dismissed.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 11.

*For reversal*—KALISCH, HETFIELD, JJ. 2.